COURT OF APPEALS OF VIRGINIA


Present:   Judges Haley, Alston and Senior Judge Clements
Argued at Alexandria, Virginia


JOHN ROOSEVELT THOMPSON

MEMORANDUM OPINION[*] BY
v.      Record No. 0018-10-4               JUDGE JEAN HARRISON CLEMENTS
                                                  OCTOBER 5, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jan L. Brodie, Judge

Kate A. Garretson (The Garretson Law Firm, P.C., on brief), for
appellant.

Joshua M. Didlake, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Following a bench trial, John Roosevelt Thompson (appellant) was convicted of felony

credit card fraud, in violation of Code § 18.2-195(3).[1]  On appeal, appellant contends the trial court

erred in concluding the evidence was sufficient to convict him.  For the reasons that follow, we

reverse appellant's felony conviction for credit card fraud and remand to the trial court with

instructions to sentence appellant for misdemeanor credit card fraud, also in violation of Code

§ 18.2-195(3).

As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also convicted of statutory burglary in violation of Code § 18.2-91 and
credit card theft in violation of Code § 18.2-192, but those convictions are not before us on this
appeal.

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I. BACKGROUND

"Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

> The appellate court has the duty to examine the evidence that tends to support the conviction and to uphold the conviction unless it is plainly wrong or without evidence to support it. However, the appellate court is equally obligated to set aside the trial court's judgment when it is contrary to the law and the evidence, and, therefore, the judgment is plainly wrong.

Tarpley v. Commonwealth, 261 Va. 251, 256, 542 S.E.2d 761, 763 (2001) (citations omitted).

On November 5, 2007, fifteen credit cards and a cellular phone were stolen from Thien Trinh's home in Fairfax County. Trinh notified the police when he discovered several unauthorized purchases had been made with his credit cards after the break-in. Detective Brooke Ware was assigned to the case. Ware discovered that on the same day as the burglary, one credit card had been used at a Wal-Mart and a Finish Line shoe store.[2]

Wal-Mart loss prevention video footage established that appellant entered and exited the store on November 5, 2007, with Lakeya Hunt. Hunt testified that she was the woman in the Wal-Mart video footage and the man with her was appellant. Hunt explained that shortly before she reached the checkout register, appellant gave her the credit card she used to purchase $154.60 in household items. That credit card belonged to Trinh.

_____

[2] The investigation also revealed that a purchase had been made at an Outback restaurant on a second card belonging to Trinh, but that credit card affidavit was not admitted into evidence at trial. Trinh's card was also used for unauthorized purchases of gasoline at two gas stations. However, the Commonwealth did not present any evidence linking appellant to those purchases.

A clerk at the Finish Line store indicated that the person who used Trinh's credit card to purchase $131.24 in merchandise was an African-American male, but the witness failed to provide a more detailed description of the perpetrator.

At the conclusion of the evidence, the trial court concluded that Trinh's home was broken into on November 5, 2007, and several credit cards were taken at that time. It found Hunt's testimony to be credible, and concluded appellant gave Trinh's stolen credit card to Hunt to use at Wal-Mart. It then ruled:

> There was testimony that on the same day a purchase was made at The Finish Line store, and it was stated during the investigation that the person using [Trinh's credit card] was an African-American male. Granted it's somewhat tenuous, but the facts and the testimony all seem to fit together.

The trial court then found appellant was guilty of felony credit card fraud.

## II. ANALYSIS

Appellant was indicted and convicted of felony credit card fraud in violation of Code § 18.2-195. He contends the evidence was insufficient to sustain a conviction for felony credit card fraud because the Commonwealth failed to prove he made purchases in excess of $200 with Trinh's credit cards within a six-month period. He argues Hunt made the purchases at Wal-Mart, and the eyewitness at the Finish Line shoe store was unable to positively identify him as the person who used Trinh's card on November 5, 2007.

Subsection (1)(b)(i) of Code § 18.2-195 provides that "[a] person is guilty of credit card fraud when, with intent to defraud any person, he . . . [o]btains money, goods, services or anything else of value by representing without the consent of the cardholder that he is the holder of a specified card or credit card number . . . ." Further, Code § 18.2-195(3) provides:

> Conviction of credit card fraud is punishable as a Class 1 misdemeanor if the value of all money, goods, services and other things of value furnished in violation of this section, or if the difference between the value of all money, goods, services and

anything else of value actually furnished and the value represented to the issuer to have been furnished in violation of this section, does not exceed $200 in any six-month period; conviction of credit card fraud is punishable as a Class 6 felony if such value exceeds $200 in any six-month period.

Here, the evidence established that on the evening of November 5, 2007, appellant entered a Wal-Mart in Alexandria with Hunt. Before reaching the checkout register, appellant handed Trinh's credit card to Hunt for her to pay for $154.60 worth of household goods. Trinh did not consent to appellant giving Hunt his credit card to purchase any items. Relying on the trial court's conclusion that Hunt's testimony was credible, as well as the video footage from Wal-Mart, the evidence was sufficient to support the trial court's finding that appellant provided Trinh's credit card to Hunt with the intent to defraud.

The evidence was insufficient, however, to establish appellant was the African-American male who purchased shoes using the same credit card that was used at Wal-Mart that day. In addition to the absence of a more precise description of the person who used Trinh's credit card from the clerk who completed the transaction at the shoe store, the record is devoid of any details regarding the proximity in time between the two transactions on November 5, 2007, or the distance between the two stores.[3] Even viewing the evidence in the light most favorable to the Commonwealth, the evidence that appellant was the African-American male who stole shoes from the Finish Line, at best, was speculative. Accordingly, the record does not support the trial court's inference or the trial court's finding of a "tenuous" relationship between the two events

---

[3] The Commonwealth entered into evidence an affidavit of fraud indicating the Wal-Mart purchases were made in Alexandria and the Finish Line purchase was made at a store in Springfield. However, the Commonwealth never discussed whether the two stores were located in close proximity to one another or along a common highway. Further, the Commonwealth also failed to link the unauthorized purchases of gasoline in Falls Church and Annandale to further establish any potential connection among the purchases.

sufficient to convict appellant of credit card fraud exceeding $200 in a six-month time period. As such, we reverse appellant's conviction on appeal.

## III. CONCLUSION

Finding the evidence insufficient to establish the $200 threshold necessary to convict appellant of felony credit card fraud, we reverse appellant's felony conviction and remand the case to the trial court for a new sentencing hearing for the misdemeanor offense.

<u>Reversed and remanded.</u>